UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL GIBLER and SUNNY GIBLER, and the marital community comprised thereof,<br><br>    Plaintiffs,<br><br>  -vs-<br><br>JOE L. WILSON, MAX L. WILSON, individually and WILSON & WILSON, d/b/a WILSON BANNER RANCH, a Washington partnership,<br><br>    Defendants. | NO. CV-05-0250-LRS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment, (Ct. Rec. 19), which was orally argued on July 20, 2006. Michael Branstetter and Patrick J. Cronin participated on behalf of the Plaintiffs, and John C. Riseborough participated on behalf of the Defendants. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on that date, which are incorporated herein by reference.

**I. BACKGROUND**

This case arises out of a fall that Plaintiff Sunny Gibler took at Defendants' ranch in Washington, resulting in serious injuries. When Ms.

ORDER - 1

Gibler came into the store on August 31, 2002 to purchase peaches, Defendant Max Wilson asked her if she wanted to see "the critter." Plaintiff replied "maybe." Dep. Of Sunny Gibler, Ct. Rec. 21, Exhibit A p. 54, 56-58. She lightly hit the cage, and when nothing happened, hit the cage again. *Id* at 59. After Mr. Wilson triggered the device, Plaintiff dodged the "critter" and jumped back, "hitting" something behind her, knocking the wind out of her, and causing her to fall heavily to the floor. Dep of. Sunny Gibler, Ct. Rec. 27, Exhibit B, P. 64. Plaintiff hit the pellets on the floor with her hand. Dep. Of Max Wilson, Ct. Rec. 27, Exhibit A p. 40. As a result of her fall, Ms. Gibler fractured her wrist, her thoracic vertebrae, leg and hip. Complaint, Ct. Rec. 1, at ¶ 3.7. Mr. Wilson had shown the critter to "thousands" of customers and there had not been any other injuries. Dep. Of Max Wilson, Ct. Rec. 27, Exhibit A p. 45. The parties engaged in mediation before the lawsuit was filed. There is some evidence in the record that the Defendants' insurance agent had suggested that the statute of limitations in this case was three years. Affidavit of Michael Branstetter, Ct. Rec. 26; Affidavit of Robert Heacock, Ct. Rec. 28.

In the motion currently before the Court, Defendants contend that the facts set out by Plaintiffs allege the intentional tort of assault, which has a two-year statute of limitations in Washington. Ct. Rec. 20 at 4. In response, Plaintiffs contend that the cause of action was properly pled as negligence, which has a three-year statute of limitations. Ct. Rec. 24. In addition, Plaintiffs allege that the statute of limitations is equitably tolled in this case because of the

ORDER - 2

Defendants' insurance agent's representation that the statute of limitations was three years. Ct. Rec. 24 at 17-19.

**II.  STANDARDS OF LAW**

A.  Summary Judgment Standard

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.  This Court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S.

ORDER - 3

at 249.

**III. DISCUSSION**

For the reasons stated on the record, **IT IS ORDERED**:

Defendants' Motion for Summary Judgment (**Ct. Rec. 19**) is **DENIED**. Plaintiff's alleged cause of action for negligence is not barred by the statute of limitations. Moreover, there is a question of fact as to whether the statute of limitations was equitably tolled by the insurance agent's representation concerning the applicable statute of limitations. The law governing equitable estoppel is well settled in Washington. "Equitable estoppel will preclude a defendant from asserting the statute of limitations when the defendant's actions have fraudulently or inequitably induced a plaintiff to delay commencing suit until the applicable period of limitations has expired. *Del Guzzi Constr. Co v.Global Northwest Ltd*, 105 Wn.2d 878, 885 (1986). Before equitable tolling or estoppel will apply, Plaintiff must show the exercise of due diligence. *Milay v. Cam*, 135 Wn.2d 193, 206 (1998).

In addition, there is a genuine issue of material fact in this case as to the Defendants' intent, which precludes summary judgment at this juncture.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 1st day of August, 2006

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4